PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
JULIA M. NAHIGIAN (SBN 307508)
julia.nahigian@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

Attorneys for Defendants
Keith B. Forman and Jeffrey Spain

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHENG JIANGCHEN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>RENTECH, INC., KEITH B. FORMAN, and JEFFREY SPAIN<br><br>                    Defendants. | CASE NO.: 2:17-cv-01490-GW-FFM<br><br>(1) REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS;<br><br>(2) DECLARATION OF VIRGINIA F. MILSTEAD IN SUPPORT THEREOF (filed under separate cover); and<br><br>(3) [PROPOSED] ORDER GRANTING REQUEST FOR JUDICIAL NOTICE (filed under separate cover).<br><br>Date: June 7, 2018<br>Time: 8:30 a.m.<br>Ctrm: 9D<br>Judge: Hon. George H. Wu |

**TO LEAD PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Defendants Keith B. Forman and Jeffrey Spain (collectively, "Defendants") hereby respectfully requests that the Court take judicial notice of Exhibits A through O attached to the Declaration of Virginia F. Milstead:

Exhibit A: A true and correct copy of excerpts of the Form 10-K filed by Rentech, Inc. ("Rentech") with the Securities & Exchange Commission ("SEC") on March 15, 2016.

Exhibit B: A true and correct copy of excerpts of the Form 10-Q filed by Rentech with the SEC on August 15, 2016.

Exhibit C: A true and correct copy of excerpts of the Form 10-Q filed by Rentech with the SEC on November 9, 2016.

Exhibit D: A true and correct copy of the transcript for Rentech's conference call on August 10, 2016.

Exhibit E: A true and correct copy of the transcript for Rentech's conference call on November 10, 2016.

Exhibit F: A true and correct copy of the transcript for Rentech's conference call on March 16, 2017.

Exhibit G: A true and correct copy of excerpts of the Form 8-K filed by Rentech with the SEC on August 10, 2016, that includes the press release Rentech issued that day regarding Rentech's second quarter results.

Exhibit H: A true and correct copy of excerpts of the Form 8-K filed by Rentech with the SEC on November 10, 2016, that includes the press release Rentech issued that day regarding the company's third quarter results.

Exhibit I: A true and correct copy of a press release dated February 21, 2017, titled "Rentech Idles Wawa Facility; Exploring Strategic Alternatives."

Exhibit J: A true and correct copy of excerpts of Rentech's Current Report on Form 8-K filed by Rentech with the SEC on April 4, 2017.

Exhibit K: A true and correct copy of excerpts of the Form 10-K filed by Rentech

i

with the SEC on April 6, 2017.

Exhibit L: A true and correct copy of excerpts of the Form 10-Q filed by Rentech with the SEC on May 9, 2013.

Exhibit M: A true and correct copy of excerpts of the Form 10-Q filed by Rentech with the SEC on August 10, 2015.

Exhibit N: A true and correct copy of excerpts of the Form 10-Q filed by Rentech with the SEC on November 9, 2015.

Exhibit O: A true and correct print-out from Yahoo! Finance of Rentech's stock prices from April 3, 2017 to April 10, 2017.

DATED: March 23, 2018

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____
*/s/ Peter B. Morrison*
Peter B. Morrison
Attorneys for Defendants
Keith B. Forman and Jeffrey Spain

ii

## I.   THE COURT SHOULD CONSIDER EXHIBITS A THROUGH K UNDER THE INCORPORATION BY REFERENCES DOCTRINE

The "incorporation by reference doctrine . . . permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999) (third alteration in original) (citation omitted); see also Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (to "'[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned") (alterations in original) (quoting Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as stated in Abrego v. The Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006)).

Here, this Court previously concluded that the Consolidated Amended Complaint ("CAC") incorporated Exhibits A-K by reference. (Dkt. 40 at 5.) The Second Amended Class Action Complaint For Violation of the Federal Securities Law ("SAC") references Exhibits A-K in the same manner the CAC referenced those documents. For example, Exhibit A, Rentech's 2015 Form 10-K, is cited or quoted repeatedly in the SAC; Plaintiff bases his claims of alleged false or misleading statements in part on statements made in Exhibit A. (See SAC ¶¶ 25-27, 30.)  Likewise, the following Exhibits are referenced, quoted, or relied upon in the following paragraphs of the Complaint:

| Exhibit No. and Description | Paragraph(s) of Complaint |
| --- | --- |
| Ex. A: Form 10-K filed on March 15, 2016 | ¶¶ 25-27, 30 |
| Ex. B: Form 10-Q filed on August 15, 2016 | ¶¶ 32, 46, 50 |
| Ex. C: Form 10-Q filed on November 9, 2016 | ¶¶ 54-56 |
| Ex. D: Rentech conference call transcript, dated | ¶¶ 35, 45 |

| August 10, 2016 | |
|---|---|
| Ex. E: Rentech conference call transcript, dated November 10, 2016 | ¶ 59 |
| Ex. F: Rentech conference call transcript, dated March 16, 2017 | ¶¶ 28, 42, 68-69 |
| Ex. G: Form 8-K filed on August 10, 2016 | ¶¶ 33-34, 43, 88 |
| Ex. H: Form 8-K filed on November 10, 2016 | ¶ 58 |
| Ex. I: Rentech press release, dated February 21, 2017 | ¶¶ 64-65, 89 |
| Ex. J: Rentech's Current Report on Form 8-K, filed on April 4, 2017 | ¶¶ 49, 57, 72 |
| Ex. K: Form 10-K filed on April 6, 2017 | ¶¶ 57, 73-75 |

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court— are free to refer to any of its contents." In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp., 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013), aff'd, 691 F. App'x 393 (9th Cir. 2017)). Thus, because Exhibits A-K are incorporated into the SAC by reference, the Court is free to assume the entire contents of Exhibits A-K are true and to consider those contents in ruling on Defendants' Motion to Dismiss.

## II.    THIS COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS A THROUGH O

Consideration of Exhibits A-O in ruling on Defendants' Motion to Dismiss is also proper because the Court may take judicial notice of the contents of these exhibits. Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is one not subject to reasonable dispute in that it is either "(1) . . . generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."    Fed. R. Evid. 201(b).

2

"[F]acts subject to judicial notice may be considered on a motion to dismiss." Mullis v. U.S. Bankr. Court for Dist. Of Nev., 828 F.2d 1385, 1388 (9th Cir. 1987). Here, each document attached to the Declaration of Virginia F. Milstead is the proper subject of judicial notice, for at least one of the following reasons:  (i) the document has been filed with the Securities & Exchange Commission ("SEC"); or (ii) the document is a publicly-available record, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). Indeed, many of the documents are subject to judicial notice for both of the preceding reasons.

First, the Court may take judicial notice of Exhibits A-C, G-H, and J-N because these documents have been filed with the SEC, and courts regularly take judicial notice of a company's SEC filings.  See, e.g., In re New Century, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008) ("It is well-established that courts may take judicial notice of SEC filings."); Dreiling v. Am. Express Co., 458 F.3d 942, 946 n.2 (9th Cir. 2006) (same); In re Am. Apparel, Inc. S'holder Litig., 855 F. Supp. 2d 1043, 1060 (C.D. Cal. 2012) (In a motion to dismiss, "[c]ourts can consider securities offerings and corporate disclosure documents that are publicly available." (citing Metzler Inv. GMBH v. Corinthian Colls. Inc., 540 F.3d 1049, 1064 n.7 (9th Cir. 2008))).

Second, the Court may take judicial notice of Exhibits A-O because they are public records, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); see also Lyon v. Gila River Indian Cmty., 626 F.3d 1059, 1075 (9th Cir. 2010).  Each exhibit is a publicly-available (i) SEC filing; (ii) transcript of analyst conference call; (iii) press release; or (iv) listing of stock prices. It is axiomatic that "a court may take judicial notice of matters of public record outside the complaint without converting a motion to dismiss into a motion for summary judgment."  In re Infonet Servs. Corp. Sec. Litig., 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003); see also Plevy v. Haggerty, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (taking judicial notice of "press releases, analysts' reports [and] news articles" by finding that "the contents of these exhibits are capable of accurate and

3

ready determination by resort to sources whose accuracy cannot reasonably be questioned"); Okla. Firefighters Pension & Ret. Sys. v. IXIA, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) ("Because publically traded companies historical stock prices can be readily ascertained and those prices are not subject to reasonable dispute, courts routinely take judicial notice of them."); Patel v. Parnes, 253 F.R.D. 531, 547 (C.D. Cal. 2008) (taking judicial notice of "conference call transcripts" to "provide the full context in which the information was disclosed to the market").

Moreover, "[c]ourts hearing securities fraud cases routinely take judicial notice of documents with unquestioned authenticity that . . . demonstrate the information available to the market during the class period." In re Nuvelo, Inc., Sec. Litig., 2008 WL 5114325, at *2 (N.D. Cal. Dec. 4, 2008).  Here, the purpose of Defendants' requesting judicial notice of these documents is to demonstrate what information was available to the market during the time period alleged in the SAC.

Upon proper notice, the Court is required to take judicial notice of the documents listed above.  See Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."); see also Lyon, 626 F.3d at 1075.  Here, Defendants have requested judicial notice and furnished the Court with the necessary information.

## III.   CONCLUSION

Accordingly, for the foregoing reasons, Defendants respectfully request that the Court consider the documents attached to the Declaration of Virginia F. Milstead, filed with this Request for Judicial Notice, and submitted in support of Defendants' Motion to Dismiss, in ruling on Defendants' Motion to Dismiss.

DATED: March 23, 2018

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


By: _____ */s/ Peter B. Morrison*
Peter B. Morrison
Attorneys for Defendants
Keith B. Forman and Jeffrey Spain