PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
JULIA M. NAHIGIAN (SBN 307508)
julia.nahigian@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

Attorneys for Defendants
Keith B. Forman and Jeffrey Spain

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHENG JIANGCHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RENTECH, INC., KEITH B. FORMAN, and JEFFREY SPAIN,<br><br>Defendants. | CASE NO.: 2:17-cv-01490-GW-FFM<br><br>(1) REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS;<br><br>(2) DECLARATION OF VIRGINIA F. MILSTEAD IN SUPPORT THEREOF (filed under separate cover); and<br><br>(3) [PROPOSED] ORDER GRANTING REQUEST FOR JUDICIAL NOTICE (lodged under separate cover).<br><br>Date: March 21, 2019<br>Time: 8:30 a.m.<br>Ctrm: 9D<br>Judge: Hon. George H. Wu |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Defendants Keith B. Forman and Jeffrey Spain (collectively, "Defendants") hereby respectfully requests that the Court take judicial notice of the following exhibits attached to the Declaration of Virginia F. Milstead:

Exhibit A: A true and correct copy of excerpts of the Form 10-K filed by Rentech, Inc. ("Rentech") with the Securities & Exchange Commission ("SEC") on March 15, 2016.

Exhibit B: A true and correct copy of excerpts of the Form 10-Q filed by Rentech with the SEC on August 15, 2016.

Exhibit C: A true and correct copy of excerpts of the Form 10-Q filed by Rentech with the SEC on November 9, 2016.

Exhibit D: A true and correct copy of the transcript for Rentech's conference call on August 10, 2016.

Exhibit E: A true and correct copy of the transcript for Rentech's conference call on November 10, 2016.

Exhibit F: A true and correct copy of the transcript for Rentech's conference call on March 16, 2017.

Exhibit G: intentionally omitted

Exhibit H: A true and correct copy of excerpts of the Form 8-K filed by Rentech with the SEC on November 10, 2016, which includes the press release Rentech issued that day regarding Rentech's third quarter results.

Exhibit I: A true and correct copy of a press release dated February 21, 2017, titled "Rentech Idles Wawa Facility; Exploring Strategic Alternatives."

Exhibit J: intentionally omitted

Exhibit K: A true and correct copy of excerpts of the Form 10-K filed by Rentech with the SEC on April 6, 2017.

Exhibit L: intentionally omitted

Exhibit M: A true and correct copy of excerpts of the Form 10-Q filed by Rentech

i

with the SEC on August 10, 2015.

Exhibit N: A true and correct copy of excerpts of the Form 10-Q filed by Rentech with the SEC on November 9, 2015.

Exhibit O: intentionally omitted

Exhibit P: intentionally omitted

Exhibit Q: intentionally omitted

Exhibit R: A true and correct copy of excerpts of the Form 8-K filed by Rentech with the SEC on April 7, 2016, including the "Second A&R GSO Credit Agreement."

Exhibit S: A true and correct copy of excerpts of the Form 10-Q filed by Rentech with the SEC on May 10, 2016.

Exhibit T: A true and correct copy of the transcript for Rentech's conference call on May 11, 2016.

DATED: January 11, 2019

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Peter B. Morrison_____
Peter B. Morrison
Attorneys for Defendants
Keith B. Forman and Jeffrey Spain

ii

## I.    THE COURT SHOULD CONSIDER EXHIBITS A THROUGH F, H THROUGH I, EXHIBIT K, EXHIBIT R, AND EXHIBIT T UNDER THE INCORPORATION BY REFERENCE DOCTRINE

In ruling on a motion to dismiss, the "incorporation by reference doctrine . . . permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999) (second alteration in original) (citation omitted); see also Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (to "'[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned") (alterations in original) (citation omitted).

The doctrine of incorporation by reference is "designed to prevent artful pleading by plaintiffs." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1003 (9th Cir. 2018). It "treats certain documents as though they are part of the complaint itself," and in doing so "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." Id. at 1002 (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)). The Court may consider a document incorporated by reference when a plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." Khoja, 899 F.3d at 1002 (quoting United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)).

This Court previously concluded that the Third Amended Class Action Complaint For Violation of the Federal Securities Law ("3AC") incorporated by reference Exhibits A-F, H, I, K, and R (Dkt. 79 at n.3.) Here, the Fourth Amended Class Action Complaint for Violation of the Federal Securities Laws ("4AC") references Exhibits A-F, H, I, K and R in the same manner the 3AC referenced those documents. For example, like in the 3AC, Exhibit A, Rentech's 2015 Form 10-K, is quoted in the 4AC; Plaintiff bases his

1

claims of alleged false or misleading statements in part on statements made in Exhibit A. (See 4AC ¶¶ 40-41.) Likewise, the 4AC repeatedly references Exhibit T, the May 11, 2016 conference call transcript relied on by Plaintiff for many of his new allegations about a statement made in that transcript. (4AC ¶¶ 42-45.)

In summary, the following Exhibits are referenced, quoted, or relied upon in the following paragraphs of the 4AC:

| Exhibit No. and Description | Paragraph(s) of Complaint |
| --- | --- |
| Ex. A: Form 10-K filed on March 15, 2016 | ¶¶ 40-41, 143 |
| Ex. B: Form 10-Q filed on August 15, 2016 | ¶¶ 57-64, 66-67, 69, 75, 134 |
| Ex. C: Form 10-Q filed on November 9, 2016 | ¶¶ 69-70, 72-74, 75-81, 82, 83, 86, 103, 136, 138, 176 |
| Ex. D: Rentech conference call transcript, dated August 10, 2016 | ¶¶ 46, 47, 55, 176 |
| Ex. E: Rentech conference call transcript, dated November 10, 2016 | ¶¶ 49, 50 |
| Ex. F: Rentech conference call transcript, dated March 16, 2017 | ¶ 94 |
| Ex. H: Form 8-K filed on November 10, 2016 | ¶¶ 85-86 |
| Ex. I: Rentech press release, dated February 21, 2017 | ¶¶ 87-89 |
| Ex. K: Form 10-K filed on April 6, 2017 | ¶¶ 15, 101-106, 179 |
| Ex. R: Form 8-K, filed on April 7, 2016 | ¶¶ 3, 4, 144, 145-147 |
| Ex. T: Rentech conference call transcript, dated May 11, 2016 | ¶¶ 42-45 |

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1058

2

n.10 (9th Cir. 2014) (quoting City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp., 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013), aff'd, 691 F. App'x 393 (9th Cir. 2017)). Thus, because Exhibits A-F, H, I, K, R, and T are incorporated into the 4AC by reference, the Court is free to assume the entire contents of the exhibits are true and to consider those contents in ruling on Defendants' Motion to Dismiss.

## II.    THIS COURT SHOULD TAKE JUDICIAL NOTICE OF EACH OF THE EXHIBITS

Consideration of each of the exhibits in ruling on Defendants' Motion to Dismiss is also proper because the Court may take judicial notice of the contents of these exhibits. Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is one not subject to reasonable dispute in that it is either "(1) . . . generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[F]acts subject to judicial notice may be considered on a motion to dismiss." Mullis v. U.S. Bankr. Court for Dist. Of Nev., 828 F.2d 1385, 1388 (9th Cir. 1987). Here, each document attached to the Declaration of Virginia F. Milstead is the proper subject of judicial notice, for at least one of the following reasons: (i) the document has been filed with the Securities & Exchange Commission ("SEC"); or (ii) the document is a publicly-available record, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

First, the Court may take judicial notice of Exhibits A, B, C, H, K, M, N, R, and S because these documents have been filed with the SEC, and courts regularly take judicial notice of a company's SEC filings. See, e.g., In re New Century, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008) ("It is well-established that courts may take judicial notice of SEC filings."); Dreiling v. Am. Express Co., 458 F.3d 942, 946 n.2 (9th Cir. 2006) (same); In re Am. Apparel, Inc. S'holder Litig., 855 F. Supp. 2d 1043, 1060 (C.D. Cal. 2012) (In a motion to dismiss, "[c]ourts can consider securities offerings and corporate disclosure documents that are publicly available." (citing Metzler Inv. GMBH v. Corinthian Colls.

3

Inc., 540 F.3d 1049, 1064 n.7 (9th Cir. 2008))). Indeed, this Court previously took judicial notice of Exhibits M and N for this reason. (Dkt. 79 at n.3 (stating that this Court would be "inclined to judicially notice [Exhibits L-N] because they are documents filed with the SEC whose accuracy cannot reasonably be questioned").)

Second, the Court may take judicial notice of these exhibits because they are public records, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see also Lyon v. Gila River Indian Cmty., 626 F.3d 1059, 1075 (9th Cir. 2010). Each exhibit is a publicly-available (i) SEC filing; (ii) transcript of analyst conference call; or (iii) press release. It is axiomatic that "a court may take judicial notice of matters of public record outside the complaint without converting a motion to dismiss into a motion for summary judgment." In re Infonet Servs. Corp. Sec. Litig., 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003) (citation omitted); see also Plevy v. Haggerty, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (taking judicial notice of "press releases, analysts' reports [and] news articles" by finding that "the contents of these exhibits are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); Patel v. Parnes, 253 F.R.D. 531, 547 (C.D. Cal. 2008) (taking judicial notice of "conference call transcripts" to "provide the full context in which the information was disclosed to the market").

Moreover, "[c]ourts hearing securities fraud cases routinely take judicial notice of documents with unquestioned authenticity that . . . demonstrate the information available to the market during the class period." In re Nuvelo, Inc., Sec. Litig., 2008 WL 5114325, at *2 (N.D. Cal. Dec. 4, 2008) (citations omitted). Here, the purpose of Defendants' requesting judicial notice of these documents is to demonstrate what information was available to the market during the time period alleged in the 4AC.

Upon proper notice, the Court is required to take judicial notice of the documents listed above. See Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."); see also

Lyon, 626 F.3d at 1075. Here, Defendants have requested judicial notice and furnished the Court with the necessary information.

## III.   CONCLUSION

Accordingly, for the foregoing reasons, Defendants respectfully request that the Court consider the documents attached to the Declaration of Virginia F. Milstead, filed with this Request for Judicial Notice, and submitted in support of Defendants' Motion to Dismiss, in ruling on Defendants' Motion to Dismiss.

DATED: January 11, 2019

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   _____*/s/ Peter B. Morrison*_____
Peter B. Morrison
Attorneys for Defendants
Keith B. Forman and Jeffrey Spain

5