**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHENG JIANGCHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>   vs.<br><br><br>RENTECH, INC., KEITH B. FORMAN, and JEFFREY SPAIN,<br><br>           Defendants. | Case No. 2:17-cv-01490-GW-FFM<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, a class action is pending in this Court captioned *Jianchen v. Rentech, Inc., et al.*, Case No. 2:17-CV-0149-GW-FFM (C.D. Cal. Feb. 23, 2017) (the "Action");

WHEREAS, (a) Lead Plaintiff Ichiro Ikuno, on behalf of himself and the Settlement Class (defined below), and (b) defendants Keith B. Forman and Jeffrey Spain (collectively, "Defendants," and, together with Lead Plaintiff, the "Parties")[1]

---

[1] On December 19, 2017, Rentech, Inc. filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware. *See* Rentech, Inc., Case No. 17-12959 (CSS), and Rentech WP U.S., Inc., Case No. 17-12958 (CSS). On July 24, 2018, Lead Plaintiff filed a Notice of Dismissal voluntarily dismissing the claims against Rentech, Inc. without prejudice, subject to Lead Plaintiff's right to rename

have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 22, 2019 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and requiring notice of the Settlement be given to members of the Settlement Class as more fully described herein;

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation; and

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto, and found good cause for entering the following order;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Class Certification for Settlement Purposes</u>** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons or entities who purchased or otherwise acquired Rentech Common Stock or during the period March 15, 2016 and April 6, 2017, inclusive (the "Settlement Class Period") and were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are Defendants, Defendants' Immediate Family members, the Officers and directors of Rentech, the Immediate Family members of the Officers

---

Rentech after the automatic bankruptcy stay was no longer in effect. Dkt. No 70.  To date, Lead Plaintiff has not refiled any claims against Rentech, Inc.

and directors of Rentech, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's Immediate Family, and any entity in which a Defendant and/or any member of a Defendant's Immediate Family has or have a direct or indirect controlling interest. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion from the Settlement Class that is accepted by the Court.

2.    **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action considering the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions, the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of the class action.

3.    The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Ichiro Ikuno is an adequate class representative and preliminarily certifies him as Class Representative for the Settlement Class. The Court also appoints Lead Counsel as class counsel for the Settlement Class, pursuant to Rule 23(g) of the

477421.1 RENTECH2017        [Proposed] Order Granting Preliminary Approval

Federal Rules of Civil Procedure. Lead Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

4.   **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement of the Action, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.   **Settlement Hearing** – Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a settlement hearing (the "Settlement Hearing") on October 10, 2019 at 8:30 a.m. in Courtroom 9D of the United States Courthouse, 350 W. 1st Street, Los Angeles, California 90012, for the following purposes: (1) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be finally approved by the Court; (2) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants and whether the Releases specified and described in the Stipulation (and in the Notice) should be granted; (3) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (4) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, including Lead Plaintiff's application for reimbursement of reasonable costs and expenses in connection with representing the Settlement Class, should be approved; and (5) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 8 of this Order.

477421.1 RENTECH2017   [Proposed] Order Granting Preliminary Approval

6.    Neither the Defendants nor Defendants' Releasees shall have any involvement in or any responsibility, authority or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of Litigation Expenses submitted by Lead Counsel.  The Court's consideration and determination as to the Plan of Allocation and any application for attorneys' fees or reimbursement of Litigation Expenses and request for a contribution award for Lead Plaintiff submitted by Lead Counsel will be separate from the Court's consideration and determination of the fairness, reasonableness, and adequacy of the Settlement. Any order approving or modifying the Plan of Allocation set forth in the Notice and/or Lead Counsel's request for attorneys' fees, reimbursement of Litigation Expenses and request for a contribution award for Lead Plaintiff shall not disturb or affect the finality of the Judgment, the Stipulation, or the Settlement.

7.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

8.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain AB Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

a)    within ten (10) business days of the date of entry of the Preliminary Approval Order – namely, by July 15, 2019 – Defendants' Counsel shall make reasonable efforts to obtain and provide or cause to be provided to Lead Counsel in electronic format (with cost to be paid from the Settlement Fund) lists of the holders of Rentech common stock (consisting of names and addresses) during the Settlement Class Period; provided, however, that because Defendants are former

477421.1 RENTECH2017        [Proposed] Order Granting Preliminary Approval

employees of Rentech and a plan of liquidation for Rentech has been confirmed by the bankruptcy court, neither Defendants nor Defendants' Counsel have a right or the ability to access such lists, if they exist, and cannot warrant that Defendants' counsel will be able to obtain such lists, and should Defendants' Counsel be unable to obtain such lists after reasonable effort, neither Defendants nor Defendants' Counsel shall bear further responsibility for identifying Settlement Class Members;

b)   not later than twenty (20) business days after the date of entry of this Order (the "Notice Date") – namely, by July 29, 2019 – the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Rentech or the liquidation trustee for Rentech's bankruptcy estate or who otherwise may be identified through further reasonable effort;

c)   contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

d)   not later than ten (10) business days after the Notice Date – namely, by August 12, 2019 – the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the national edition of *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

e)   not later than fourteen (14) calendar days prior to the Settlement Hearing – namely, by September 26, 2019 – Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.   **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the

Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and request for a contribution award for Lead Plaintiff, of the right of Settlement Class Members to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and request for a contribution award for Lead Plaintiff, of their right to exclude themselves from the Settlement Class, and of the right of Settlement Class Members to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

10.   **Nominee Procedures** – The Claims Administrator shall use reasonable efforts to give the Notice to brokers and other nominees who purchased or otherwise acquired the publicly traded common stock of Rentech for the benefit of another person or entity during the Settlement Class Period.  Brokers and other nominees who purchased or otherwise acquired Rentech common stock for the benefit of another person or entity shall either: (a) within seven (7) calendar days of receipt of

7

the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners.  Upon full compliance with this Order, including timely mailing of the Postcard Notice, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order in an amount not to exceed $0.20 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice; or $0.10 per name and mailing address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11.    **<u>Participation in the Settlement</u>** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date – namely, by November 26, 2019.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein; and (d) will be barred and enjoined from asserting, instituting, commencing, prosecuting, maintaining, assisting with or participating in any or all of the Released Plaintiff's Claims against any of the Defendants or Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.     **<u>Exclusion From the Settlement Class</u>** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must

request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing – namely, by September 19, 2019 – to: *In re Rentech Inc. Securities Litigation,* EXCLUSIONS, c/o AB Data, Ltd., PO Box 173001, Milwaukee, WI 53217; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Jiangchen v. Rentech Inc. et al.*, Case No. 17-cv-01490 (C.D. Cal. Feb. 23, 2017)"; (iii) state the number of shares of Rentech common stock that the person or entity requesting exclusion purchased, acquired, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and

judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein; and (d) will be barred and enjoined from asserting, instituting, commencing, prosecuting, maintaining, assisting with or participating in any or all of the Released Plaintiff's Claims against any of the Defendants or Defendants' Releasees, as more fully described in the Stipulation and Notice.

17. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing – namely, by September 19, 2019 – or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and request for a contribution award for Lead Plaintiff and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and request for a contribution award for Lead Plaintiff should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees, reimbursement of Litigation Expenses and a request for a contribution award for Lead Plaintiff unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are

11

received no later than twenty-one (21) calendar days prior to the Settlement Hearing – namely, by September 19, 2019.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP | Skadden Arps Slate Meagher & Flom LLP |
| Ex Kano S. Sams II, Esq. | Peter B. Morrison, Esq. |
| 1925 Century Park East, Suite 2100 | 300 South Grand Avenue, Suite 3400 |
| Los Angeles, CA 90067 | Los Angeles, CA 90071 |

19. Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, whether the objection or objections apply only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, which proof shall include the number of shares of Rentech common stock that the person or entity objecting purchased, acquired, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20. Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees,

reimbursement of Litigation Expenses, and a request for a contribution award for Lead Plaintiff and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees, Litigation Expenses, and request for a contribution award for Lead Plaintiff, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees, Litigation Expenses, or contribution award for Lead Plaintiff in this or any other proceeding.

21. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all members of the Settlement Class, from asserting, instituting, commencing, prosecuting, maintaining, assisting with or participating in any or all of the Released Plaintiff's Claims against any of the Defendants or Defendants' Releasees as defined in the Stipulation.

22. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23. **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank, shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or

13

filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Stipulation), and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of February 28, 2019, as provided in the Stipulation.

26. **Use of this Order** – This Order, the Stipulation (regardless whether consummated or approved by the Court), including the exhibits thereto and the Plan of Allocation, the negotiations leading to the execution of this Stipulation, any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall not be offered or received against or to the prejudice of any Defendant or Defendants' Releasee for any purpose other than in an action to enforce the terms of the Stipulation, and the Settlement, and in particular do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Defendant or Defendants' Releasee as evidence of (or deemed to be evidence of) any admission, concession, or presumption by any of the Defendants or Defendants' Releasee with respect to: (i) the truth of any allegation in any complaint filed in this Action; (ii) the validity of any claim that has been or could have been asserted in this Action or in any litigation or proceeding in any forum; (iii) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation or proceeding in any forum; or (iv) any liability, damages, negligence,

fault, or wrongdoing of any Defendant or Defendants' Releasee whatsoever; (b) shall not be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; and (c) shall not be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

27.   **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and request for contribution award for Lead Plaintiff no later than thirty-five (35) calendar days prior to the Settlement Hearing – namely, by September 5, 2019.  On the same date, counsel for Defendants shall also submit proof of notice pursuant to the Class Action Fairness Act of 2005.  Additionally, reply papers, if any, shall be filed and served no later than fourteen (14) calendar days prior to the Settlement Hearing – namely, by September 26, 2019.

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

28.    The Court further retains jurisdiction over this Action to consider all further matters and applications arising out of or connected with the proposed Settlement reflected in the Stipulation, including enforcement of the Releases provided for in the Stipulation.

SO ORDERED, this 27th day of June, 2019.

_____
The Honorable George H. Wu
United States District Court Judge

477421.1 RENTECH2017    [Proposed] Order Granting Preliminary Approval